IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY GREER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2543 |
| | § | |
| 1-800-FLOWERS.COM, INC., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

### MEMORANDUM AND ORDER

This breach of contract case is before the Court on Defendants' Motion to Dismiss for Improper Venue ("Motion to Dismiss") [Doc. # 4], to which Plaintiff filed a Response [Doc. # 8] in opposition, and Defendants filed a Reply [Doc. # 9]. The Court has reviewed the full record in this case, and has applied governing legal principles. Because the alleged contract on which Plaintiff bases his claims includes an applicable and enforceable forum selection clause requiring this case to be filed in New York, the Court **grants** Defendants' Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff Leroy Greer alleges in his Complaint that he telephoned 1-800-FLOWERS to order flowers for his girlfriend. Plaintiff alleges that when he inquired about the company's privacy policy, he was referred to the 1-800-Flowers.com website which contained the company's Privacy Policy. Plaintiff alleges that, based

on the Privacy Policy on Defendants' website, he ordered flowers for his girlfriend from Defendants. Plaintiff alleges that Defendants later sent a "Thank You" card to his home address, which prompted his wife to contact Defendants for proof of purchase. Plaintiff alleges that Defendants sent his wife a copy of the receipt for the flowers he ordered for his girlfriend, gave his wife his girlfriend's identifying information, and provided a copy of the message on the card enclosed with the flowers Plaintiff sent to his girlfriend.

Plaintiff alleges that Defendants giving his wife this information breached their Privacy Policy. *See* Complaint [Doc. # 1], ¶ 19. Plaintiff attached a copy of the Privacy Policy as an exhibit to his Complaint. Plaintiff also alleges that Defendants' breach of the Privacy Policy violated the Texas Deceptive Trade Practices Act ("DTPA"). Plaintiff alleges that Defendants' conduct caused him damages in connection with his divorce.

Defendants filed their Motion to Dismiss, arguing that venue in this federal district is improper because the Privacy Policy is a part of the Terms of Use that applies whenever a party uses the 1-800-Flowers.com website. The Terms of Use includes a forum selection clause providing that the exclusive venue "for all claims and disputes arising under the Terms of Use or in connection with this Web Site shall

be the appropriate state or federal courts located in Nassau or Suffolk counties in the State of New York . . ..." *See* Terms of Use, Exh. B to Motion to Dismiss.

Plaintiff argues that the forum selection clause is not applicable because it does not apply to his telephone transaction. Plaintiff also argues that the forum selection clause, if applicable to his contract with Defendants, should not be enforced because he did not have notice of the provision and because it did not "figure prominently" in the parties' agreement. The Motion to Dismiss has been fully briefed and is ripe for decision.

## II.   ANALYSIS

Defendants have moved to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue. The dispositive question on the Motion to Dismiss is whether the forum selection clause binds the parties as to venue. Forum selection clauses are presumptively valid. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595(1991); *M/S BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 36 (5th Cir. 1997). A "forum selection provision in a written contract is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable." *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995); *see also Int'l Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (1996). A contractual

forum selection clause (if not unreasonable) will control where venue is otherwise legally proper for disputes among the contracting parties. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("In attempting to enforce the contractual venue, the movant is no longer attempting to limit the plaintiff's right to choose its forum; rather, the movant is trying to enforce the forum that the plaintiff had already chosen: the contractual venue.").

### A.     Applicability of Forum Selection Clause

Plaintiff argues that the Privacy Policy constitutes his contract with Defendants and that the forum selection clause is not part of the Privacy Policy. The Privacy Policy attached to Plaintiff's complaint as the agreement between the parties states clearly, however, that the "Privacy Policy is part of the Terms of Use, which governs your use of [Defendants'] website." *See* Privacy Policy, Exh. B to Complaint. The Terms of Use provides, on the first page and in all capital letters, that a party agrees to its terms by accessing any part of the website. In the Terms of Use paragraph entitled "Privacy Policy," the reader is again notified that the Privacy Policy is "part of these Terms of Use." It is clear and unambiguous that the Privacy Policy on which Plaintiff bases his lawsuit is part of the Terms of Use containing the forum selection clause.

Plaintiff next argues that the Terms of Use applies only to web site transactions, not to telephone transactions. Although Plaintiff may have made his final purchase by telephone, Plaintiff alleges in his Complaint that he was referred to the website for information regarding Defendants' Privacy Policy. Accessing the website constitutes the agreement to be bound by the Terms of Use, including its forum selection clause. The forum selection clause applies to any "claim relating to this Web Site" or its content, and Plaintiff alleges that his claim is based on the Privacy Policy contained on Defendants' website. There is nothing in the record to support Plaintiff's argument that the forum selection clause does not apply to telephone transactions where the purchaser accesses the website's Privacy Policy or other Terms of Use.

### B.  **Enforceability of Forum Selection Clause**

Plaintiff argues that, even if the forum selection clause applies, it should not be enforced because he did not have notice of it and because it "did not figure prominently" in his contract with Defendants. The party resisting the forum selection clause must make a strong showing that the clause is "unreasonable" before a court may decline to enforce the clause. *See Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998). Factors to consider when determining whether a forum selection clause is unreasonable include:

> (1) Whether the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching;
>
> (2) Whether the party seeking to escape enforcement will for all practical purpose be deprived of his day in court because of grave inconvenience or unfairness of the selected forum;
>
> (3) Whether the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy;
>
> (4) Whether the enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*See Haynesworth v. The Corporation*, 121 F.3d 956, 962 (5th Cir. 1997) (*quoting Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991)). There is no evidence of fraud or overreaching, or that enforcing the forum selection clause would deprive Plaintiff of his day in court or of an adequate remedy. Plaintiff argues instead that enforcement would contravene public policy.

Plaintiff attached a copy of the website's Privacy Policy as Exhibit B to his Complaint. The copy attached states clearly that the Privacy Policy "is part of the Terms of Use" and there is a link at the left side of the page for accessing the Terms of Use. Plaintiff was given notice that the Privacy Policy, on which he claims to have been relying when purchasing flowers for his girlfriend, was part of a broader Terms of Use which he apparently chose not to review. Had he done so, he would have been given notice – on the first page and in all capital letters – that by accessing the

website he agreed to be bound by the Terms of Use and that any "claim *relating to this Web Site*" or its content was subject to a forum selection clause. *See* Terms of Use, Exh. B to Motion to Dismiss (emphasis added). Plaintiff has not shown that the forum selection clause should not be enforced in this case.

### III.   CONCLUSION AND ORDER

The Privacy Policy on which Plaintiff bases his breach of contract and DTPA claims is a part of the Terms of Use that governs Plaintiff's access of the Privacy Policy on the 1-800-Flowers.com website. The Terms of Use contains a forum selection clause providing that the exclusive venue for this case is the "appropriate state or federal courts located in Nassau or Suffolk counties in the State of New York." Plaintiff has presented no legal or factual basis for not enforcing the forum selection clause. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss for Improper Venue [Doc. # 4] is **GRANTED**. The Court will issue a separate Final Order.

**SIGNED** at Houston, Texas, this **3rd** day of **October, 2007**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge